**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: ____________________________________**

BIO-TECH MEDICAL SOFTWARE, INC.,

Plaintiff,

vs.

MEDBOX, INC.,

Defendant.
____________________________________/

# NOTICE OF REMOVAL

Defendant, MEDBOX, INC. ("Defendant"), by and through its undersigned attorneys, pursuant to 28 U.S.C. § 1441 and 1446, hereby gives notice of removal of the action entitled *Bio-Tech Medical Software, Inc. v. Medbox, Inc.*, filed in the Circuit Court of the Seventeenth Judicial Circuit, In and For Broward County, Florida (Broward County Case No. CACE13016865; State Reporting Number. 062013CA016865AXXXCE), to the United States District Court for the Southern District of Florida. In support of this Notice of Removal, Defendant states:

## I. Grounds for Removal

1. 28 U.S.C. § 1441, which establishes when an action is removable, sets forth, in relevant part:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

2. The Court's subject matter jurisdiction, and the basis for removal, is founded upon 28 U.S.C. § 1332 - diversity of citizenship.

**A. <u>Amount in Controversy</u>**

3. Section 1332(a) states, in relevant part, that jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

4. The "amount in controversy" in this action exceeds $75,000.00. Plaintiff alleges that Defendant breached a contract between Plaintiff and Defendant "by failing to make the second $500,000 installment payments when due, and refusing to make the third $500,000 installment payment due on August 25, 2013" and by disavowing "its obligation to ever allow 700,000 shares of common stock to be released to [Plaintiff]." *See* Complaint, ¶¶ 13 and 20.

**B. <u>Citizenship of the Parties</u>**

5. Section 1332(a) states, in relevant part, that jurisdiction exists "where the matter in controversy ... is between ... citizens of different States, … citizens of a State and citizens or subjects of a foreign state; . . . [and] citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332(a)(1)-(3).

6. "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C.A. § 1332.

7. Plaintiff alleges that Defendant is a "Florida corporation, operating and doing business in Ft. Lauderdale, Florida." *See* Complaint, ¶ 3. Defendant admits these allegations and further avers (i) that Plaintiff was incorporated in Florida, (ii) that at the time the Complaint was filed and at the time of this removal, Plaintiff's principal place of business was/is in Florida, and (iii) that at the time the Complaint was filed and at the time of this removal, Plaintiff was/is a citizen of Florida.

8. Plaintiff alleges that Defendant is "a Nevada corporation, operating and doing business in Hollywood, California." *See* Complaint, ¶ 4. Defendant admits these allegations and further avers (i) that it was incorporated in Nevada, (ii) that at the time the Complaint was filed and at the time of this removal, its principal place of business was/is in California and Arizona, and (iii) that at the time the Complaint was filed and at the time of this removal, it was/is a citizen of Nevada, California and Arizona.

9. There is complete diversity of citizenship in this case.

## II. <u>Removal is Timely</u>

10. 28 U.S.C. § 1446 establishes the time frames and procedure to properly effectuate removal.

11. Section 1446(b) sets forth, in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendants, through service of process or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action upon which such action or proceeding is based . . .

12. In this case, the Complaint was filed on July 10, 2013. Defendant was first provided with a copy of the Complaint via e-mail on July 11, 2013, and was served with formal process on July 29, 2013. Thus, this Notice of Removal is timely filed.

## III. <u>All Other Procedures for Removal Have Been Followed</u>.

13. The Summons, Complaint, and Notice of Removal to Federal Court (without exhibits),[1] attached as Exhibits "A" "through "C," constitute "all process, pleadings and orders" filed in the state court action to date. *See* 28 U.S.C. § 1446(a).

---

[1] The exhibit to the *Notice of Removal to Federal Court* is a copy of this *Notice of Removal*.

14. All adverse parties to this action have been provided with written notice of the filing of this removal, as provided by 28 U.S.C. § 1446(d), as evidenced by the attached Certificate of Service.

15. Defendant, Medbox, Inc., is the only defendant named in Plaintiff's Complaint, and therefore, all defendants have joined in this removal.

16. Defendant has caused to be filed with the Circuit Court of the Seventeenth Judicial Circuit In and For Broward County, Florida (the "State Court"), a Notice of Removal to Federal Court, together with a copy of this Notice of Removal, as provided by 28 U.S.C. § 1446(b), as evidenced by the Notice of Removal to Federal Court attached as Exhibit "D" and the below Certificate of Service showing that service has been made on the Clerk of the State Court. *See* 28 U.S.C. § 1446(d).

Dated: August 8, 2013

Respectfully submitted,

GRAYROBINSON, P.A.
*Attorneys for Defendant, Medbox, Inc.*
401 East Las Olas Boulevard, Suite 1850
Fort Lauderdale, FL 33301
954.761.8111 - telephone
954.761.8112 – facsimile

By: ___s/*Howard M. Camerik*___
Howard M. Camerik, Esquire
Florida Bar No. 703435
hcamerik@gray-robinson.com
Steven A. Lessne, Esquire
Florida Bar No. 107514
slessne@gray-robinson.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 8, 2013, I electronically filed the foregoing document with the clerk of the court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/*Howard M. Camerik*

**SERVICE LIST**

Tucker H. Byrd, Esquire
TByrd@forthepeople.com
Scottie N. McPherson, Esquire
SMcpherson@forthepeople.com
MORGAN & MORGAN, P.A.
*Attorneys for the Plaintiff*
20 North Orange Avenue, Suite 1600
Orlando, Florida 32801
Facsimile: 407-245-3406